Jeremy Baratta
PO Box 6944
Freehold, NJ 07728
Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

### Trenton Vicinage

Case No. – _____

**JEREMY BARATTA**

**Plaintiff**

**v.**

CITY OF NEW BRUNSWICK;

JAMES CAHILL, Mayor of the City of New Brunswick, individually and officially;

NEW BRUNSWICK CITY COUNSEL, an elected body politic;

JOHN DOE (1-5), New Brunswick City Council Member, individually and officially;

NEW BRUNSWICK PARKING AUTHORITY;

JOE DOE (1-5), New Brunswick Parking Authority Commissioner, individually and officially;

JANE DOE, Security Officer, individually and officially;

ANTOINE JOHNSON, New Brunswick Parking Authority Sergeant, individually and officially;

SHON GRANDBERRY, New Brunswick Parking Authority Officer, individually and officially;

NEW BRUNSWICK MUNICIPAL COURT;

EARL RONALD WRIGHT, presiding Judge of the New Brunswick Municipal Court, individually and officially;

PHILIP A. BOROW, a Judge of the New Brunswick Municipal Court, individually and officially;

KIMBERLY A. MILLIGAN, New Brunswick Municipal Court Administrator, individually and officially;

JANE DOE (1-10), New Brunswick Municipal Court Employee, individually and officially;

JON DOES (1-30), unknown/fictitious, individually and officially;

**Defendants**

**COMPLAINT**

## PARTIES

**Plaintiff, Jeremy Baratta**, is a natural person, a citizen of the United States and has an address of PO Box 6944, Freehold, NJ 07728-6944.

Defendant City of New Brunswick is a municipal government entity, whose clerk is Daniel A. Torrisi and has an address of City Clerk, 78 Bayard Street, New Brunswick, NJ 08901.

Defendant James Cahill is a natural person, the Mayor of defendant City of New Brunswick and has an address of 18 Longfield Road, New Brunswick, NJ 08901.

Defendant New Brunswick City Counsel is an elected body politic, organized under the laws of the State of New Jersey and/or the City of New Brunswick, directed by its Council President and has an address of New Brunswick City Counsel, c/o City Clerk, 78 Bayard Street, New Brunswick, NJ 08901.

Defendant John Doe (1-5), New Brunswick City Council Member is a natural person and has an address of New Brunswick City Counsel, c/o City Clerk, 78 Bayard Street, New Brunswick, NJ 08901.

Defendant New Brunswick Parking Authority is a government or quasi-government entity, organized under the laws of the State of New Jersey and/or the City of New Brunswick, directed by defendant New Brunswick Parking Authority Commissioner John Doe and has an address of Ferren Mall, One Penn Plaza, 180 Church Street, New Brunswick, NJ 08901.

Defendant Joe Doe (1-5), New Brunswick Parking Authority Commissioner, is a natural person and has an address of Commissioner, c/o New Brunswick Parking Authority, Ferren Mall, One Penn Plaza, 180 Church Street, New Brunswick, NJ 08901.

Defendant Jane Doe, Security Officer is a natural person, an employee of defendant New Brunswick Parking Authority and has an address of Jane Doe, c/o New Brunswick Parking Authority, Ferren Mall, One Penn Plaza, 180 Church Street, New Brunswick, NJ 08901.

Defendant Antoine Johnson is a natural person, an employee of defendant New Brunswick Parking Authority and has an address of 60 Paterson Street, New Brunswick, NJ 08901.

Defendant Shon Grandberry is a natural person, an employee of defendant New Brunswick Parking Authority and has an address of c/o New Brunswick Parking Authority, Ferren Mall, One Penn Plaza, 180 Church Street, New Brunswick, NJ 08901.

Defendant New Brunswick Municipal Court is a government entity, organized under the laws of the State of New Jersey and/or the City of New Brunswick, directed by its Court Administrator defendant Kimberly Milligan and has an address of 25 Kirkpatrick Street, PO Box 265, New Brunswick, NJ 08903-0265.

Defendant Earl Ronald Wright is a natural person, the presiding judge of the City of New Brunswick Municipal Court, an employee of defendant City of New Brunswick and having an address of c/o 25 Kirkpatrick Street, PO Box 265, New Brunswick, NJ 08903-0265.

Defendant Philip A. Borow is a natural person, a judge of the City of New Brunswick Municipal Court, a subordinate of defendant Earl Ronald Wright, an employee of defendant City of New Brunswick and having an address 31 New York Avenue, New Brunswick, NJ 08901.

Defendant Kimberly A. Milligan is a natural person, a Court Administrator of the City of New Brunswick Municipal Court, a subordinate of defendant Earl Ronald Wright, an employee of defendant City of New Brunswick and has an address of c/o 25 Kirkpatrick Street, PO Box 265, New Brunswick, NJ 08903-0265.

Jane Doe (1-10), New Brunswick Municipal Court employee is a presently fictitious/unknown defendant, a natural person, a municipal court clerk and employee of defendant City of New Brunswick.

Defendant Jon Does (1-30), unknown/fictitious, are presently unknown defendants and/or defendants known only to co-defendants and/or each other and are presently un-locatable.

## JURISDICTION

Jurisdiction exists in this Court as a cause of action arises under the United States Constitution, United States Code, Code of Federal Regulations or a decision of a United States Court.

## NATURE OF THE ACTION AND FACTUAL ALLEGATIONS

1. With respect to the parking privileges of handicap drivers/passengers, New Jersey *Revised Statute 39:4-207* states: **No penalty shall be imposed** *for the parking overtime of any motor vehicle which has displayed thereon a placard or wheelchair symbol license plates issued pursuant to the provisions of this act* **under any law or municipal ordinance** *now in effect or hereafter enacted* **unless such vehicle shall have been parked in one location for more than 24 hours***. This provision shall apply only when the person to whom the placard or special license plate has been issued is either the driver or a passenger of the vehicle.*

  *L.1949, c.280, s.4; amended 1981,c.36,s.4; 1989,c.201,s.4.* (emphasis added).

2. On or about October 25, 2007 plaintiff's vehicle (a 2004 Honda Accord), was legally parked, in a metered space, at a public lot owned and/or operated by defendants, located on Paterson Street, New Brunswick, during afternoon/evening hours. A valid New Jersey Handicap Parking Placard, issued to plaintiff, was prominently displayed, same hanging from the front windshield mirror of plaintiff's vehicle in the usual fashion.

3. In the evening, plaintiff returned to his vehicle and discovered a "payment envelope" placed under the windshield wiper of the vehicle. The writing stated that the vehicle in question had been 'parked overtime' in the said space and that defendant New Brunswick Parking Authority ("NBPA") demanded payment for the alleged violation, and if same was not paid as demanded, a complaint would be executed.

4. Plaintiff then immediately contacted NBPA, via a phone number listed on a sign posted about the lot for NBPA Security.

5. Thereafter, defendant Jane Doe, Security Officer, responded to plaintiff's call. Plaintiff immediately pointed to the "payment envelope", the prominently displayed Handicap Parking Placard and

demanded to know why his vehicle was cited for 'parking overtime' when the vehicle had clearly not been parked in excess of 24 hours. Defendant had no answer for plaintiff, other than to advise plaintiff to contact NBPA during business hours. Plaintiff took appropriate notes and departed the location in his vehicle.

6. Within the next day or so, plaintiff contacted NBPA as instructed. Plaintiff eventually had opportunity to speak with defendant Antoine Johnson ("Johnson"). Plaintiff and Johnson had a discussion wherein plaintiff relayed to Johnson the illegality of issuing any complaint or citation to plaintiff's vehicle as the vehicle had not been parked in the same location in excess of 24 hours. Johnson argued with plaintiff regarding the lawfulness of issuing any complaint to plaintiff. Ultimately, plaintiff informed Johnson that if plaintiff were to be served any process regarding his allegedly being "parked overtime" that would constitute a tortious act and legal action would be initiated by plaintiff.

7. At all times relevant to case *sub judice*, Johnson was the spouse of a [defendant] New Brunswick Municipal Court ("Municipal Court") clerk, said clerk currently employed by the Municipal Court.

8. Plaintiff kept detailed notes of both his encounter at the parking lot and his conversation with Johnson until well after the thirty day statute of limitations for the initiation of a complaint alleging a violation of the motor vehicle laws of New Jersey.

9. On or about February 14, 2008, plaintiff received, via first class mail, a Complaint/Summons issued by defendant Municipal Court in an envelope from NBPA.

10. Plaintiff contacted the Municipal Court on May 22, 2008 and spoke to defendant Jane Doe ("Clerk") of the New Brunswick Municipal Court. Plaintiff requested accommodation under the Americans With Disabilities Act ("ADA") so as to be able to appear in the court and properly defend against the unlawful complaint. Plaintiff was completely rebuffed by the clerk, who stated that "no accommodations [were] available" and scheduled a hearing for June 11, 2008 at 8:45 am.

11. Unable to attend the scheduled session, due partly to plaintiff's disability, on June 10, 2008 plaintiff contacted the Municipal Court and, after attempts to actually reach Clerk were unsuccessful, left a message advising that plaintiff desired to present a defense by affidavit and to kindly adjourn the matter and contact the plaintiff to confirm same.

12. On or about June 25, 2008, plaintiff received a notice stating that plaintiff's Driver's License would be suspended for failure to respond to the subject complaint. Upon receipt, plaintiff contacted the Municipal Court and spoke to Clerk. Again disregarding the ADA, Clerk scheduled a hearing for July 2, 2008. Plaintiff addressed the issue of plaintiff's drivers license being suspended and was absolutely led to believe that the notice was now null and void and no further action was required by plaintiff or the court.

13. On July 1, 2008, plaintiff contacted Clerk, and after again attempting to actually speak to her, left a message again stating plaintiff's desire to make defense by affidavit and requesting that Clerk contact plaintiff. Clerk never returned plaintiff's calls. Plaintiff received no further notice from the court.

14. On Saturday, July 26, 2008, plaintiff was "stopped" (driving a non-owned vehicle) by a police officer and informed that his driver's license was suspended. Plaintiff was issued several Complaint/ Summons' – including driving while suspended, driving without a valid license, driving in excess of the posted speed and operating a vehicle with a non-functioning lamp. Plaintiff was not arrested in the usual

fashion and was allowed to leave the scene.  Ultimately, plaintiff, ably represented by the municipal public defender, made defense by affidavit and pled guilty to operating a vehicle with a non-functioning lamp, and the imposed fine and costs were paid.  The remaining charges against defendant were dismissed.

15. On Monday, July 28, 2008, plaintiff contacted the Municipal Court and after several attempts, finally spoke to Clerk.  After indentifying himself, plaintiff was placed on hold, and after approximately five minutes on hold, hung up.  Plaintiff called Clerk again, however she did not answer her extension.  Plaintiff left a message for Clerk asking to be placed on the next calendar list, and to please contact plaintiff to confirm same was accomplished.  Several minutes later, plaintiff received a call from Clerk advising that a hearing was being scheduled for July 30, 2008 at 8:45 am and further that she was personally giving my case to the judge.

16. On July 30, 2008 at 8:30 am and 9:00 am, plaintiff contacted Clerk and left her a message advising that plaintiff kindly requested the matter to be marked for "ready-hold" for 9:30 am and to please contact plaintiff to confirm her receipt of the message.  Plaintiff arrived at the Municipal Court at 9:15 am to a full courtroom, said court being in session.

17. Plaintiff's case was finally called by defendant Borow at 10:30 am.  Borow immediately began to engage in a hostile and inappropriate dialogue, including questioning plaintiff in open court regarding his medical condition and disabilities.  Plaintiff, after composing himself subsequent to being significantly taken aback by Borow's ambush, declined to answer Borow's offensive, prying and embarrassing questions.

18. Thereafter, Borow informed plaintiff that 'his case would not be reached that day.'  The court however was still in session, NBPA employees were still sitting in the court and court business was clearly continuing to be conducted.  Taken as a whole, Borow was abhorrently insulting, vindictive and bullying.

19. Since it was clear that Borow was only trying to carry plaintiff's case so as to prolong the illegal license suspension that plaintiff was being unlawfully subjected to by the court, and to subject plaintiff to further inconvenience, harassment and hardship; and out of urgency to have his driver's license restored – due to the extreme hardship imposed by the fact of having it illegally suspended – plaintiff stated to Borow that he wished to change his plea to "No-Contest" and be sentenced by the Court.  Borow then engaged in a discussion with plaintiff, wherein he stated that such a plea was not valid in New Jersey.  Nor would Borow allow plaintiff to plead guilty.

20. Plaintiff, after being dismissed by Borow, reported to the "violations clerk" window to pay the fine in the usual fashion as done by any citizen who so desires.  Upon reporting to the said window, plaintiff was advised that his payment would not be taken as allowed by normal Judiciary procedure.

21. Plaintiff then reported to the Superior Court Trial Court Administrator's Office located across the street from the Municipal Court, and it was only after intervention from the Municipal Division Manager's Office that plaintiff was then finally able to pay the fine and ultimately have his driver's license restored – same being accomplished that day.

22. On or about August 15, 2008, plaintiff filed a Certification in the Municipal Court, requesting a new trial, or in the alternative post-conviction relief, based on the facts and law as essentially stated herein, including *R.S.* 39:4-207 and other grounds.  To date, plaintiff's submission has not been acted on or even

acknowledged by the Municipal Court, nor was the stamped 'copy' returned in the SASE plaintiff provided as done in the usual fashion.

23. On or about August 15, 2008, concurrent with the above, plaintiff filed an appeal to the Superior Court, as an indigent; however, in a rather inappropriate and unconstitutional manner, plaintiff's motion to file as an indigent was rejected in a hearing, same being held without the assignment of counsel to plaintiff, with an appearance and argument made by the prosecutor's office, held on October 14, 2008. Plaintiff appealed this denial to the Appellate Division, as an indigent, however, his motion to proceed as an indigent, to appeal his unconstitutionally being denied indigency, was denied, and plaintiff's only option to appeal the denial of his indigency motion was to pay the significant expense of prosecuting the appeal of whether he had the means to prosecute the appeal in the lower court. Plaintiff, without the monetary or legal resources to continue the legal challenge, same also compounded by plaintiff's medical condition, was left in an unconstitutional "catch-22" by the courts.

24. On or about June 11, 2003, the Associated Press published an article regarding an unlawful fine imposed by the Municipal Court presiding judge, Ralph F. Stanzione ("Stanzione") – in direct contravention of a 1999 Administrative Directive – for conduct involving a citizen attempting to pay a "parking ticket" through the mail. Further information regarding this incident is not available to plaintiff at this time.

25. Previous to the incident giving rise to the allegations contained herein, plaintiff had occasion to file a complaint, on or about 2005, against Stanzione and defendant Milligan for conduct unrelated to the incident herein. This complaint resulted in Judicial Discipline being imposed against Stanzione. Any action(s) taken against defendant Milligan is/are unknown to plaintiff at this time.

26. Based on knowledge, information, investigation and belief, on or about November 9, 2005, Stanzione applied for early retirement under the Public Employees Retirement System – doing so with less than one year required for eligibility for full retirement, under the law as known to apply. Same was granted, effective 1-1-2006. Stanzione's final employers were "Middlesex County" (an appointed Judicial position with the Middlesex County Department of Corrections), "New Brunswick City" (presiding judge), "New Brunswick Board of Education", and finally "Spotswood Borough". Based on knowledge, information, investigation and belief, Stanzione, now age 59 or 60, is actively practicing law in Florida.

27. On the aforementioned day of trial, while plaintiff was waiting to be called, plaintiff did inquire with the Municipal Court as to the availability of any Discovery concerning the subject complaint. Plaintiff was advised that none existed. Therefore, plaintiff is without information necessary to properly identify and locate defendant Grandberry at this time. In addition to the regular procedures for obtaining discovery in "police complaints", done in the usual fashion, any citizen exercising their right to file a complaint in the municipal court is required to file an information sheet for the purpose of discovery, containing identifying information of the complainant, containing the nature and cause of the allegation, facilitating witness confrontation, as well as for the purpose of obtaining compulsory process to compel the testimony of witnesses, all as required by the Sixth Amendment.

28. The service of a complaint by the complaining party or a party having a direct interest in the litigation, specifically NBPA, is a violation of the Rules Governing the Courts of New Jersey with respect to the proper service of complaints. Therefore, the Municipal Court never had Personal Jurisdiction over plaintiff and all subsequent acts were unlawful.

29. The delay in plaintiff's trial, and the attempt by Borow to further delay same by carrying the matter, specifically for an unlawful/tortious purpose, violated plaintiff's right to a speedy trial as required under the Sixth Amendment.

30. The Municipal Court's failure to address plaintiff's submission of August 2008 was a continuing act of unlawful and tortious conduct by defendants.

## CAUSES OF ACTION

### COUNT ONE
### Deprivation of Rights Under Color of Law
### (Title 18 United States Code § 242)

31. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

32. Defendants did deprive plaintiff of his Constitutional, statutory and Civil Rights, and did do all of this under color of law and did cause plaintiff harm and damage.

### COUNT TWO
### Engaging In Illegal Police Pattern and Practice Conduct
### (Title 42 United States Code § 14141)

33. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

34. Defendant NBPA, a quasi-police agency actions in violating the Civil Rights of plaintiff and of similar persons prior, did represent a pattern and practice of illegal conduct, which has existed for some time and continues to exist without rectification or mitigation by defendants, and this lack of rectification, mitigation, training, supervision or discipline by defendants did cause plaintiff harm and damage.

### COUNT THREE
### Violation of the Americans With Disabilities Act
### (Title 42 United States Code § 12101 et seq.)

35. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

36. Defendants did, by refusing to accommodate plaintiff for a known/stated disability; discriminate against plaintiff, violate the Americans With Disabilities Act, and by doing so did cause plaintiff harm and damage.

### COUNT FOUR
### Conspiracy to Violate Civil Rights
### (Title 42 United States Code § 1983 et seq.)

37. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set

forth at length herein.

38. Defendants did, individually and collectively, and in furtherance of a stated, known or obvious conspiracy, under color of law, deprive plaintiff of his Constitutional and statutory rights, commit tortious acts against plaintiff and his property, and by doing so did cause plaintiff harm and damage.

## COUNT FIVE
### Violation of the First Amendment of the United States Constitution
### (United States Constitution, Amendment One)

39. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

40. Defendants did, by violating plaintiff's Civil Rights, as reprisal for prior actions taken against defendants and speech made regarding defendants, involving a valid public concern, specifically government practice and procedure, violate the First Amendment Rights of plaintiff, and by doing so did cause plaintiff harm and damage.

## COUNT SIX
### Violation of the Fifth Amendment of the United States Constitution
### (United States Constitution, Amendment Five)

41. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

42. Defendants did, by refusing to allow plaintiff to enter a plea chosen only by his will, free of collateral distress, violate plaintiff's Fifth Amendment Rights against self-incrimination, and by doing so did cause plaintiff harm and damage.

## COUNT SEVEN
### Violation of the Sixth Amendment of the United States Constitution
### (United States Constitution, Amendment Six)

43. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

44. Defendants did, by denying plaintiff a speedy public trial, the ability to identify or confront his accuser, and allowing an improper complaint to be filed in the Municipal Court violate plaintiff's Sixth Amendment Rights, and by doing so did cause plaintiff harm and damage.

## COUNT EIGHT
### State Law Claim, Violation of the New Jersey Civil Rights Act
### (R.S. 10:6-1 et seq.)

45. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

46. Defendants did, by their actions, deprive plaintiff of his substantive rights, privileges and immunities held under the United States Constitution and Federal Laws as stated herein, and his substantive rights under the Constitution and Laws of the State of New Jersey as stated herein, and by doing so did cause plaintiff harm and damage.

## COUNT NINE
### Common Law Tort Claim
### (Unlawful Invasion of Privacy)

47. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

48. Defendants did intrude on plaintiff's seclusion, intentionally, in a manner highly offensive to a reasonable person, including the unlawful intrusion into plaintiff's disability, and by doing so did cause plaintiff harm and damage.

## COUNT TEN
### Common Law Tort Claim
### (Unlawful Invasion of Privacy)

49. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

50. Defendants did, with intent to embarrass and humiliate plaintiff, where plaintiff had a reasonable expectation of privacy, unlawfully invade plaintiff's privacy by disseminating information regarding plaintiff that would not otherwise be known or sought out by a reasonable person or that which would not be disseminated by defendants regarding a similarly situated person such as plaintiff, and by doing so did cause plaintiff harm and damage.

## COUNT ELEVEN
### Common Law Tort Claim
### (Malicious Prosecution)

51. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

52. Defendants did maliciously prosecute plaintiff, as the charge of "parking overtime" was maliciously initiated, by defendants, with malice intent, lacking in probable cause, being terminated by plaintiff only as a result of the actions of co-defendants/co-conspirators, and by doing so did cause plaintiff harm and damage.

## COUNT TWELVE
### Common Law Tort Claim
### (Abuse of Process)

53. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

54. Defendants did, after the issuance of legal process, abuse said process and for ulterior purposes, and by doing so did cause plaintiff harm and damage.

## COUNT THIRTEEN
### Common Law Tort Claim
### (Intentional Infliction of Emotional Distress)

55. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

56. Defendants did purposely and/or knowingly, by grossly violating plaintiff's Constitutional, Statutory and Civil Rights, and by committing the gross, unlawful and continuing torts against plaintiff, cause plaintiff to suffer great emotional distress, psychological torment and mental anguish, and by doing so did cause plaintiff harm and damage.

## COUNT FOURTEEN
### Common Law Tort Claim
### (Negligent Infliction of Emotional Distress)

57. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

58. Defendants did negligently, by violating plaintiff's Constitutional, Statutory and Civil Rights, and by committing unlawful and continuing torts against plaintiff, cause plaintiff to suffer great emotional distress, psychological torment and mental anguish, and by doing so did cause plaintiff harm and damage.

## COUNT FIFTEEN
### Common Law Tort Claim
### (Negligent Hiring)

59. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

60. Defendants did negligently hire persons clearly unsuited to the duties, responsibilities and position of trust of a municipal officer, such negligence proximately caused or substantially contributed to the harm plaintiff suffered, and by doing so did cause plaintiff harm and damage.

## COUNT SIXTEEN
### Common Law Tort Claim
### (Failure to Train)

61. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

62. Defendants did fail to appropriately train their employees, such deficiency was glaring and apparent, any training that was provided was grossly inadequate, such failure proximately contributed to the harm plaintiff suffered, and by doing so did cause plaintiff harm and damage.

## COUNT SEVENTEEN
### Common Law Tort Claim
### (Failure to Supervise)

63. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

64. Defendants did fail to appropriately supervise their employees, such deficiency was glaring and apparent, any supervision existing was grossly inadequate, undertaken by negligently hired and poorly trained persons, such failure proximately contributed to the harm plaintiff suffered, and by doing so did cause plaintiff harm and damage.

## COUNT EIGHTEEN
### Common Law Tort Claim
### (Civil Conspiracy)

65. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

66. Defendants' acts, omissions, Constitutional and statutory violations of plaintiff's Civil Rights, and tortious conduct were done in furtherance of an apparent, obvious, and/or stated conspiracy, designed to both violate the Civil Rights of plaintiff and conceal the conduct of defendants', and said conspiracy did serve to cause plaintiff harm and damage and is an affront to the public justice and a civil society of laws.

## DEMAND

**WHEREFORE,** Judgment is demanded in the amount of One Million Dollars ($1,000,000), plus costs, together with lawful interest, prejudgment interest, attorney's fees, punitive damages and such other relief as the court deems appropriate.

## PUNITIVE DAMAGES

Plaintiff alleges defendants actions were willful and wanton and demands punitive damages in accordance with law.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues.

Dated: February 12, 2010

_Jeremy Baratta_
Jeremy Baratta
Plaintiff